## Mogelnicki, Admx., v. Home Life Insurance Co.

*Daniel W. Kearney*, for plaintiff.

*Arthur S. Arnold* and *Richard H. Klein*, for defendant.

JAMES, P. J., fifty-seventh judicial district, specially presiding, May 1, 1935.—Plaintiff declares on a policy of life insurance on the life of Walter Mogelnicki, deceased, her husband. The statement of claim sets forth that the defendant insurance company issued a policy, which entitled the decedent's estate to $250 death benefits, that the decedent and the administratrix complied with every term and condition of the policy, and that settlement of the claim was refused.

The defendant admitted the contract and the payment of premiums in full, but denied that the insured complied and conformed with all of the terms and conditions of the policy. The affidavit of defense does not set forth wherein the insured did not comply with the terms and conditions of the policy, but sets up new matter, setting forth the terms and conditions of the policy, and in this new matter alleges wherein the decedent failed to comply with the terms and conditions of the contract.

The policy provided: (a) That the assured must be in good health at the date of the policy; (b) that the assured had not within 2 years from the date of the policy been attended by a physician for a serious illness; (c) that the assured had not within 2 years of the date of the policy applied for a diagnosis or treatment at any hospital or institution engaged in the treatment of diseases.

It was then specifically averred under the statement of new matter that such conditions were breached because the assured was not in sound health at the time the policy was issued, that he had been attended by physicians and

had been treated in a hospital within 2 years of the date of the policy.

The allegations made as new matter are in fact not new matter. They are a direct answer to paragraph seven of plaintiff's statement, which reads: "That during the life of the said Walter Mogelnicki he paid all of his premiums and fully performed and complied with all of the terms and conditions of said policy of insurance, which on his part were to be done, kept and performed."

Therefore, it is clear that the defense called "new matter" should have been made under the heading of "affidavit of defense", without including the subject of new matter.

Taking into consideration the affidavit of defense exclusive of new matter, the motion for judgment for want of a sufficient affidavit of defense should be sustained, because the affidavit of defense is not in compliance with the Practice Act and does not properly deny the allegations of plaintiff's statement; however, taking into consideration the new matter in connection with the main body of the affidavit of defense, the defendant sets up a good defense and an issue which should be tried by a jury. For this reason we refuse to sustain the motion. However, in view of the fact the new matter should have been alleged in the main body of the affidavit of defense, we will consider the new matter as a part of the affidavit of defense, and the whole as a complete defense to the plaintiff's statement. Under such circumstances it will not be necessary for the plaintiff to file a reply to the alleged new matter contained in the affidavit of defense, and the case shall be considered at issue upon the plaintiff's statement on the one side and the affidavit of defense and new matter alleged therein on the other side.

## Decree

Now, to wit, May 1, 1935, plaintiff's motion for judgment for want of a sufficient affidavit of defense is hereby overruled. The case shall proceed to trial upon

the statement of claim as plaintiff's case, and upon the affidavit of defense, including new matter therein, as defendant's pleadings. The plaintiff is not required to file an answer to the affidavit of defense and new matter alleged therein.